STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-016

PAF-YoR-9/8/06

DAVID TREVALLION,

Plaintiff

v.                                                    **ORDER**

TOWN OF YORK and
YORK BOARD OF APPEALS,

Defendants

Daniel and Muriel Perkins are neighbors of the plaintiff David Trevallion and were granted a building permit dated December 13, 2005 by the York Code Enforcement Officer. Mr. Trevallion appealed that decision on January 13, 2006 in an administrative appeal to the York Board of Appeals, which determined that it did not have the authority to hear the appeal, as it was not timely filed. A timely appeal to this court followed. The appeal was brought against the Town, which is a proper party, and against the York Board of Appeals which is not. The Board of Appeals will be dismissed as a defendant.

Under Section 18.8.3.1 of the York Zoning Ordinance "An administrative appeal … shall be filed within 30 days of action taken by the official … charged with administration of this Ordinance. Thirty (30) days is defined to mean the date the official written notification of decision is issued by the Code Enforcement Officer…." If the thirtieth day falls on a weekend or holiday, which was not the case here, the time to appeal is extended through the next workday.

The administrative appeal was one day late. In an attempt to avoid this problem the plaintiff has made arguments.

Mr. Trevallion argues that while the building permit has an issue date of December 13, 2005 and the first page of the building or use permit application form was dated December 13, 2005 the signature of the applicant Daniel S. Perkins is dated December 14, 2005. Therefore, the permit could not be valid until the application was signed on December 14, 2005. The ordinance is clear, however, that the "issue date" of December 13, 2005 starts the thirty-day period.

The second argument is that a failure by this Court to allow a hearing on the merits, by extending the time to appeal, would constitute a flagrant miscarriage of justice. The facts of this case do not constitute one of those special situations where there would be a flagrant miscarriage of justice if additional time was not granted. *Brackett v. Town of Rangeley*, 2003 ME 109, §§18-25, 831 A.2d 422, 428-430.

The entry is:

> The complaint against the York Board of Appeals is dismissed with prejudice.
>
> The decision of the York Board of Appeals of March 8, 2006 is affirmed.

Dated:     September 8, 2006

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
WENDY MOULTON STARKEY ESQ
ERWIN OTT CLARK & CAMPBELL
PO BOX 545
YORK ME   03909

DEFENDANT:
DURWARD W PARKINSON ESQ
SUSAN B DRISCOLL ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

2